UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALPINE CORPORATION ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master File No. C 03-CV-1685(SBA)<br><br>**CLASS ACTION**<br><br>Judge: Hon. Saundra B. Armstrong |

**FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES AND CASE CONTRIBUTION COMPENSATION**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § § 1001, *et seq.* ("ERISA"), with respect to the Calpine Corporation Retirement Savings Plan (the "Plan").

The terms of the Settlement are set out in a Class Action Settlement Agreement dated March 7, 2008 (the "Agreement" or "Settlement Agreement"), executed by counsel on behalf of the Plaintiff and the Defendants.[1]

On **July 16, 2008**, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class.  Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    **Class Findings**:  Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class defined below, in that:

        (a)    The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

        (b)    The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

        (c)    The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(a)(3), the claims of the Named Plaintiff are typical of the claims of the Settlement Class.

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning *as* ascribed to them in the Class Action Settlement Agreement dated *as* of March 7, 2008, on file in the Action.

(d) The Court preliminarily finds, *as* required by Fed. R. Civ. P. 23(a)(4), that the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Named Plaintiff and the nature of his alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between Named Plaintiff and the Settlement Class, and (iii) the Named Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA breach of fiduciary duty class actions.

(e) The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

(f) The Court preliminarily finds that as required by Fed. R. Civ. P. 23(b)(2), Named Plaintiff's claims are based on allegations that Defendants, through their conduct in the management and administration of the Plan, have acted or refused to act on grounds generally applicable to the class of plan participants as a whole, thereby making injunctive relief or corresponding declaratory relief on behalf of the class appropriate.

(g) The Court preliminarily finds that, as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel have done extensive work identifying or investigating potential claims in the action, Class Counsel are experienced in handling class actions and claims of the

type asserted in the Action; Class Counsel are knowledgeable of the applicable law; and Class Counsel have committed the necessary resources to represent the Settlement Class.

    2.    **Class Certification** — The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(b)(1):

> All persons, excluding Defendants, who were participants in or beneficiaries of the Calpine Corporation Retirement Savings Plan (the "Plan") at any time between January 5, 2001 and November 30, 2005, and whose accounts included investments in Calpine stock or in a fund created to invest in Calpine stock.

The Court appoints the Named Plaintiff *as class* representative for the Settlement Class and appoints Class Counsel as counsel for the Settlement Class.

    3.    **Preliminary Findings Regarding Proposed Settlement** — The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after Class Counsel had conducted extensive investigation into the facts and merits of their claims, (iii) Class Counsel have diligently investigated and aggressively litigated this case to be fully apprised of the strengths and weaknesses of the Named Plaintiff's claims, with their efforts including an appeal before the Ninth Circuit Court of Appeals and participation in the *Calpine Chapter 11 Cases* to protect the Named Plaintiff's claims on behalf of the Plan and the Settlement Class *as a* whole, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

    4.    **Fairness Hearing** — A hearing is scheduled for **October 21, 2008 at 1:00 p.m.** (the "Fairness Hearing") to determine, among other things:

- Whether the Settlement should be finally approved as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

- Whether the notice, summary notice and notice method proposed by the Parties (i) constitutes the best practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice, and (iv) meet all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and compensation to Named Plaintiff is fair and reasonable and should be approved.

5. **Settlement Class Notice** – The Parties have presented to the Court a proposed form of Class Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately (a) describes the terms and effect of the Settlement Agreement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees from the Settlement Fund not to exceed 33% of the Settlement Fund, reimbursement of expenses, and compensation up to $5,000 for the Named Plaintiff, (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describes how the recipients of the Class

Notice may object to any of the relief requested. The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- By no later than **August 22, 2008**, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort. Calpine (if it has not already done so) shall use commercially reasonable efforts to assist Class Counsel in promptly obtaining the names and last known addresses of the members of the Settlement Class.  The names and addresses Class Counsel obtains pursuant to this order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

- By no later than **August 22, 2008**, cause the Class Notice to be published on each website identified in the Class Notice, including a website dedicated to the Settlement — www.CalpineERlSAsettlement.com, which will also host copies of all Settlement-related documents, including the Settlement Agreement.

- By no later than **August 22, 2008**, cause the Publication Notice, appended hereto as Exhibit B, to be published in *USA Today* and/or such other publication as the Court may authorize.

6.  **Objections to Settlement —** Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for compensation for the Named Plaintiff may file an objection. An

objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

Clerk of the Court
UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
1301 Clay Street
Oakland, CA  94612
Re: Case No. 03-CV-1685

*To Named Plaintiffs Lead Settlement Class Counsel:*

Joseph H. Meltzer
Edward W. Ciolko
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania  19087

*To Defendants' Counsel:*

Paul Flum
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105

Richard P. Bress
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than **October 7, 2008**. If an objector hires an attorney to represent him, her, or it for the purposes of making such

objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than.  Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7.      **Appearance at Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than **October 7, 2008**.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.      **Notice Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

9.      **Service of Papers** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10.     **Termination of** Settlement – This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated

in accordance with the Settlement Agreement.

11. **Use of Order** – This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

12. **Jurisdiction** — The Court hereby retains jurisdiction for purposes of implementing this Settlement, and reserves the power to enter additional orders to effectuate the *fair* and orderly administration and consummation of the Settlement as may from time to time be appropriate and to resolve any and all disputes arising thereunder.

13. **Continuance of Hearing —** The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this 16th day of July, 2008.

_____
HON. SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE