UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CALPINE CORPORATION ERISA LITIGATION | Master File No. C 03-CV-1685 (SBA) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | <u>CLASS ACTION</u><br><br>Judge: Hon. Saundra B. Armstrong |

<u>ORDER AND FINAL JUDGMENT</u>

[PROPOSED] ORDER AND FINAL JUDGMENT
Master File No. C 03-CV-1685 (SBA)

This matter came before the Court for hearing pursuant to the Court's July 17, 2008 Order on the Parties' application for preliminary approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), dated March 7, 2008.[1]  Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2.  The Court certifies this action as a Class Action under Fed. R. Civ. P. 23(a) and 23(b)(1), 23(b)(2).  The Class is defined as all persons, excluding Defendants, who were participants in or beneficiaries of the Calpine Retirement Savings Plan (the "Plan") at any time between January 5, 2001 through and including November 30, 2005, and whose accounts included investments in Calpine stock or in a fund created to invest in Calpine stock. James Phelps (the "Plaintiff" or "Named Plaintiff") is appointed as Class representative, and Schiffrin Barroway Topaz & Kessler, LLP is appointed as Lead Counsel for the Class ("Lead Counsel") pursuant to Fed. R. Civ. P. 23(g).

3.  The Court finds:

    (a)  The Class is so numerous that it is impractical to bring all Class Members before the Court individually.  Internal Revenue Service/Department of Labor Forms 5500 filed by the Plan indicate that there are likely more than 3,000 Settlement Class Members, and for the purposes of the Settlement the Defendants do not dispute this estimate.

    (b)  The Class allegations present common questions of law or fact, including:

---

[1] Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Class Action Settlement Agreement, which has been filed in the Action.

    (i) Whether the Defendants breached fiduciary obligations to the Plan and its participants by causing the Plan to offer the Calpine common stock as an investment option for the Plan at a time when the Defendants knew or should have known that the stock was not a prudent investment for the Plan;

    (ii) Whether the Defendants breached fiduciary obligations to the Plan and its participants by causing the Plan to make and maintain investments in Calpine common stock, at a time when it was not prudent to do so;

    (iii) Whether the Defendants breached fiduciary obligations to the Plan and its participants by providing incomplete and inaccurate information to participants regarding Calpine common stock;

    (iv) Whether certain Defendants breached fiduciary obligations to the Plan and its participants by failing to prudently monitor the other Defendants, such that the Plan and participants' interests were not adequately protected and served; and

    (v) Whether as a result of the alleged fiduciary breaches engaged in by the Defendants, the Plan and its participants and beneficiaries suffered losses.

  (c) The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied because the claims of the representative plaintiff arise from the same alleged course of conduct that gives rise to the claims of the Class Members, and their claims are based on the same legal theory. Named Plaintiff alleges that he and the other members of the Class were Plan participants or beneficiaries during the Class Period whose Plan accounts included investments in Calpine common stock, that the Plan's fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Named Plaintiff are sufficiently typical of the claims asserted by the Class as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

  (d) The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The Named Plaintiff has no conflicting interests with absent members of the Class. The Court is

1  satisfied that Lead Counsel are qualified, experienced, and prepared to represent the Class to the
2  best of their abilities.
3          (e)        The Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(1).
4  Named Plaintiff's breach of fiduciary duty claims were brought on behalf of the Plan, creating a
5  risk that failure to certify the Class would leave future plaintiffs without relief.  There is also a
6  risk of inconsistent dispositions that might prejudice the Defendants and/or result in
7  contradictory rulings including as to whether various Defendants acted as fiduciaries; whether
8  the Plan's continued investment in Calpine common stock was prudent, and whether certain
9  Defendants' disclosures to Plan participants were appropriate.
10         (f)        The Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(2).
11 Named Plaintiff's claims are based on allegations that Defendants breached their fiduciary duties
12 owed to the Class as a whole regarding their alleged imprudent investment of Plan assets in
13 Calpine stock, thereby making appropriate final injunctive relief or corresponding declaratory
14 relief appropriate.
15         (g)        The Court has also considered each of the elements required by Fed. R.
16 Civ. P. 23(g) in order to ensure that Class Counsel, including Lead Class Counsel, will fairly and
17 adequately represent the interests of the Class.  Lead Class Counsel has done substantial work to
18 identify and investigate potential claims in the Action.  Lead Class Counsel have represented that
19 they have investigated the allegations made in the Complaint by interviewing witnesses,
20 reviewing publicly available information, reviewing hundreds of pages of documents and
21 consulting with experts.  Class Counsel has experience in handling class actions and claims of
22 the type asserted in this Action.  Lead Class Counsel has also demonstrated knowledge of the
23 applicable law.  Finally, over the course of over four years, Class Counsel has devoted
24 considerable resources to and has aggressively litigated this case, culminating with an appeal
25 before the Ninth Circuit Court of Appeals which was pending when the parties reached
26
27
28

1  settlement.  The Court concludes that Class Counsel, including Lead Class Counsel, has fairly
2  and adequately represented the interests of the Settlement Class.
3           (h)     The Settlement Class has received proper and adequate notice of the
4  Settlement Agreement, the Fairness Hearing, Class Counsel's application for attorneys' fees and
5  expenses and for Named Plaintiff compensation, and the Plan of Allocation, such notice having
6  been given in accordance with the Preliminary Approval Order.  Such notice included individual
7  notice to all members of the Settlement Class who could be identified through reasonable efforts,
8  as well as national publication and Internet dedicated website notice, and provided valid, due,
9  and sufficient notice of these proceedings and of the matters set forth therein, and included
10 information regarding the procedure for the making of objections. Such notice fully satisfies the
11 requirements of Fed. R. Civ. P. 23 and the requirements of due process.
12  4.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the
13 Settlement as a fair, reasonable, and adequate settlement and compromise of the claims asserted
14 in the Action.
15  5.      The Court hereby approves the Settlement Agreement and orders that the
16 Settlement Agreement shall be consummated and implemented in accordance with its terms and
17 conditions.
18  6.      The Court finds that the Settlement embodied in the Settlement Agreement is fair,
19 reasonable and adequate, and more particularly finds:
20          (a)     The Settlement was negotiated vigorously and at arm's-length by the
21 Named Plaintiff and Class Counsel on behalf of the Settlement Class seeking Plan-wide relief for
22 the Plan;
23          (b)     This Action settled following four years of aggressive litigation by both
24 Named Plaintiff and Defendants, and included Named Plaintiff's initiation of appellate
25 proceedings before the Ninth Circuit Court of Appeals challenging this Court's prior dismissals
26 of Named Plaintiff's complaints.  In addition, the litigation and settlement were further
27
28

1  complicated by virtue of the commencement of the Calpine Chapter 11 cases which required the
2  active participation by Class Counsel, including Class Bankruptcy Counsel, to protect the
3  interests of the Named Plaintiff and the Class.  The Action settled following arm's-length
4  negotiations between counsel who were thoroughly familiar with this litigation with the aid of an
5  experienced mediator.  Both Named Plaintiff and Defendants had sufficient information to
6  evaluate the settlement value of the Action.

7               (c)    If the Settlement had not been achieved, Named Plaintiff and Defendants
8  faced the expense, risk, and uncertainty of extended litigation, beginning with resolution of
9  Named Plaintiff's pending appeal of this Court's March 31, 2005 and December 5, 2005
10 dismissal Orders, and then prolonged litigation before this Court on the merits if Plaintiff
11 prevailed on appeal.  Named Plaintiff contends that his chances of success on appeal and at trial
12 were excellent in view of, *inter alia*, (i) alleged favorable determinations of legal issues in
13 similar cases, (ii) the expert testimony that Plaintiff expected to offer at trial, (iii) the structure of
14 the Plan and its administration, and (iv) what Named Plaintiff characterizes as favorable
15 documents and testimony that would be offered at trial.  Defendants contend that their chances of
16 success on appeal and at trial were excellent in view of, *inter alia*, (i) alleged legal presumptions
17 favoring the offering of company stock in ERISA defined contribution plans, (ii) what
18 Defendants characterize as Plaintiff's high burden of proof at trial, (iii) the expert testimony that
19 Defendants expected to offer at trial; (iv) explanations for the Plan's alleged losses unrelated to
20 actions or inactions of the Plan's fiduciaries, and (v) alleged favorable determinations of legal
21 issues in similar cases.  The Court takes no position on the merits of the case, but notes these
22 arguments as evidence in support of the reasonableness of the Settlement.

23              (d)    The amount of the Settlement — $4,200,000 — is fair, reasonable, and
24 adequate.  The Settlement amount is within the range of settlement values obtained in similar
25 cases.

1   (e)  At all times, the Named Plaintiff has acted independently of Defendants
2 and in the interest of the Settlement Class.
3   (f)  The Court recognizes that no Class Member has objected to the
4 Settlement.
5  7.  The Action is hereby dismissed with prejudice, each party to bear his, her, or its
6 own costs, except as expressly provided herein.
7  8.  Upon the Effective Date, the following claims are released by operation of this
8 Order and Final Judgment:
9   (a)  <u>Releases by the Named Plaintiff, the Settlement Class, and the Plan</u>.
10 Named Plaintiff shall and hereby does conclusively, absolutely, unconditionally, irrevocably, and
11 forever release and discharge, and the Plan and the Settlement Class shall, by operation of the
12 Final Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and
13 forever released and discharged the Plaintiff's Released Persons from all Plaintiff's Released
14 Claims.
15   (b)  <u>Releases by Defendants</u>.  Defendants shall and hereby do conclusively,
16 absolutely, unconditionally, irrevocably, and forever release and discharge the Defendants'
17 Released Persons from any and all Defendants' Released Claims.
18   (c)  <u>Releases by Individual Defendants</u>.  Each of the Individual Defendants
19 shall and hereby does conclusively, absolutely, unconditionally, irrevocably, and forever release
20 and discharge the Debtors from any Indemnification Obligations, in law, equity or otherwise,
21 that such Individual Defendant has asserted or would have been legally entitled to assert against
22 the Debtors based on or in any manner arising from the claims asserted in the Lawsuit.
23   (d)  <u>Limitations on Scope of Releases</u>.  Nothing in this Order and Final
24 Judgment shall release, bar, waive, or preclude any claim that has been or could be asserted
25 directly or derivatively by any member of the Settlement Class or the Plan under the federal
26 securities laws or the securities laws of any state involving the purchase or sale of any Calpine
27
28

1  securities, or release, bar, waive, or preclude the Individual Defendants' right with respect to
2  Indemnification Obligations, if any, with respect to such claims.  The Debtors reserve their right
3  to object to or to challenge any claim that has been or could be asserted directly or derivatively
4  by any member of the Class or the Plan, or by any Individual Defendants, pursuant to this
5  paragraph on any ground.  The releases set forth herein do not include the release of any rights or
6  duties of the Parties arising out of the Settlement Agreement, including the express warranties
7  and covenants contained herein.

8       9.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges
9  that may arise as to the performance of the Settlement Agreement or any challenges as to the
10 performance, validity, interpretation, administration, enforcement, or enforceability of the Class
11 Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement
12 Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate order
13 with respect to all applications for awards of attorneys' fees and expenses by Class Counsel and
14 compensation to the Named Plaintiff made pursuant to the Settlement Agreement.

15      10.    In the event that the Settlement Agreement is terminated in accordance with its
16 terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the
17 Action shall proceed as provided in the Settlement Agreement.

18      11.    This Judgment shall not be construed or used as an admission, concession, or
19 declaration of any fault, wrongdoing, breach or liability.

20 ///
21 ///
22 ///
23
24
25
26
27
28

[PROPOSED] ORDER AND FINAL JUDGMENT
Master File No. C 03-CV-1685 (SBA)     7

12. Any court order regarding the Plan of Allocation, the application for a case contribution award for Named Plaintiff, or any application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

IT IS SO ORDERED.

Dated: 10/21/08

                        /s/ Saundra B. Armstrong
THE HON. SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE

Submitted by:

Robert S. Green
**GREEN WELLING LLP**
595 Market Street, Suite 2750
San Francisco, CA 94105
Tel: (415) 477-6700
Fax: (415) 477-6710

*Liaison Counsel for Plaintiffs*

Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
**SCHIFFRIN BARROWAY TOPAZ
   & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

Lead Counsel for Plaintiff